UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL NORWOOD,<br><br>       Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>       Respondent. | HONORABLE JOSEPH E. IRENAS<br><br>CRIMINAL ACTION NO. 96-232<br>          (JEI)<br><br>**ORDER** |

**APPEARANCES:**

MICHAEL NORWOOD, *pro se*
Prisoner No. 06970-014
USP Canaan
PO Box 300
Waymart, PA 18472

PAUL J. FISHMAN, UNITED STATES ATTORNEY
By: Diana Vondra Carrig, Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
    Counsel for Respondent

**IRENAS**, Senior District Judge:

    This matter having appeared before the Court on Michael Norwood's Motion to Vacate and Reinstate the Court's Order of June 30, 2010 (Dkt. No. 165), and it appearing that:

    1.  On June 30, 2010, this Court dismissed Norwood's Motion for Retroactive Application of Sentencing Guidelines under 18 U.S.C. § 3582 for lack of jurisdiction.

    2.  Due to an administrative error in the Clerk's Office, it appears that Norwood did not receive notice of this Court's June 30, 2010 Order until this Court mailed him a copy in a letter

1

dated April 14, 2011.[1]

3. On April 20, 2011, Norwood mailed to this Court the instant motion expressing his intent to appeal from the June 30, 2010 Order.

4. Fed. R. App. P. 3(c) provides that a notice of appeal must: "(A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice. . .; (B) designate the judgment, order, or part thereof being appealed; and (C) name the court to which the appeal is taken." Fed. R. App. P. 3(c). In the instant Motion, Defendant has clearly manifested his intent to appeal the June 30, 2010 Order and although he has not specified the court to which the appeal shall be taken, he may only appeal to the United States Court of Appeals for the Third Circuit. Therefore, this Court will construe Norwood's Motion as a Notice of Appeal in accordance with Fed. R. App. P. 3(c). *See Virgin Islands v. Mills*, 634 F.3d 746, 751 (3d Cir. 2011) (explaining that "the duty to construe appeal notices liberally is heightened in cases involving *pro se* appellants").

---

[1] The June 30, 2010 Order was mistakenly sent to Defendant's counsel via email because the docket was not timely updated to reflect Defendant's *pro se* status. Furthermore, there are no records of the Order having been mailed directly to Norwood until April 14, 2011. In addition, the caption to the June 30, 2010 Order contained Defendant's old address at USP Lewisburg, PA, despite Defendant's transfer to USP Canaan, PA, prior to filing his Motion for Retroactive Application of Sentencing Guidelines.

5. Fed. R. App. P. 4(b)(1) provides: "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed." In *United States v. Grana*, the Third Circuit held that "in computing the timeliness of *pro se* prisoners' appeals, any prison delay in transmitting to the prisoner notice of the district court's final order or judgment shall be excluded from the computation of an appellant's time for taking an appeal." 864 F.3d at 316.[2]

5. In accordance with *Grana*, in calculating the timeliness of Norwood's appeal, this Court will exclude the time period between June 30, 2010 and April 13, 2011 because it represents a delay in transmitting to Norwood notice of this Court's June 30, 2010 Order. Therefore, assuming that Norwood received notice of the Order on April 14, 2011, and he delivered his Motion to prison authorities for mailing on April 20, 2011,[3] his Motion is timely under Fed. R. App. P. 4(b)(1).

**IT IS** on this 12th day of July, 2011,

---

[2] *Grana* has been overruled to the extent that it held that failure to file a timely notice of appeal in accordance with Fed. R. App. P. 4(b) deprived the court of appellate jurisdiction. *See Virgin Islands v. Martinez,* 620 F.3d 321, 327 (3d Cir. 2010). The Third Circuit has now determined that "Rule 4(b) is not jurisdictional and is subject to forfeiture." *Id.*

[3] Pursuant to the "prison mailbox rule," a *pro se* prisoner's motion is considered filed at the time he delivers it to prison authorities for forwarding to the court clerk. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

**ORDERED THAT:**

1. Norwood's Motion to Vacate and Reinstate the Court's Order of June 30, 2010 shall be docketed as a timely Notice of Appeal.

2. Norwood's Motion (Dkt. No. 165) is dismissed as moot.

                                                s/Joseph E. Irenas
                                        **JOSEPH E. IRENAS, S.U.S.D.J.**