**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Criminal No. 96-232 (RBK) |
| v. | **OPINION** |
| Michael NORWOOD, | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the Government's Motion to Authorize Payment from Inmate Trust Account [Docket No. 211] and Defendant Michael Norwood's Motion to Authorize Removal of Lien Against Defendant's Inmate Trust Fund Account [Docket No. 215]. For the reasons expressed below, the Court will grant the Government's motion and deny Mr. Norwood's motion.

**I.     BACKGROUND**

In January 1997, Mr. Norwood was found guilty of Bank Robbery, in violation of 18 U.S.C. § 2113(a); Armed Robbery, in violation of 18 U.S.C. § 2113(d); two counts of Use of a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c); Carjacking, in violation of 18 U.S.C. § 2119; and Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On May 30, 1997, the Court sentenced him to a total of 500 months' imprisonment and five years of supervised release. The Court also ordered Mr. Norwood to pay

1

$19,562.87 in restitution and a $300.00 special assessment. On August 6, 2012, the Court amended the judgment and dismissed the Bank Robbery charge and reduced the special assessment to $250.00, but did not change the restitution amount. As of June 21, 2016, Mr. Norwood had paid the special assessment and a total of $2,228.87 in restitution, and therefore still owed $17,384.00 in restitution.

Mr. Norwood is still in custody at FCI Danbury in Danbury, Connecticut, and he is not scheduled to be released until 2032. At some point before the Government filed its pending motion, the United States Attorney's Office for the District of New Jersey was informed that Mr. Norwood had approximately $5,931.40 in his inmate trust fund account, which the Bureau of Prisons ("BOP") maintains. The Government seeks an Order authorizing the BOP to turn over to the Clerk of the Court funds held in Mr. Norwood's inmate trust fund account, so that such funds can be used towards his restitution obligation. The Government filed that motion on June 23, 2016. [Docket No. 211.] Mr. Norwood responded on June 30, 2016. [Docket No. 213.] He proceeded to file a supplemental brief on July 5, 2016. [Docket No. 214.] He then filed his pending motion on July 7, 2016 [Docket No. 215], and a supplemental brief on July 27, 2016 [Docket No. 216]. The Government responded to Mr. Norwood's motion on August 8, 2016. [Docket No. 217.] Mr. Norwood replied on August 15, 2016. [Docket No. 218.] Mr. Norwood filed a supplemental brief on August 31, 2016. [Docket No. 220.] The Government responded to that supplemental brief on September 6, 2016. [Docket No. 221.] Mr. Norwood also filed a supplemental brief on September 2, 2016. [Docket No. 222.] He also replied to the Government's September 6, 2016 response on September 21, 2016. [Docket No. 223.] Then on December 4, 2017, Mr. Norwood filed another supplemental brief. [Docket No. 225.] On January 17, 2018, the Court ordered the parties to file any further submissions by January 31, 2018. [Docket No. 226.] On January 29, 2018, the

Government filed a brief that addressed the submissions that Mr. Norwood docketed on September 2, 2016; September 6, 2016; and December 4, 2017. [Docket No. 227.] Finally, on February 8, 2018, Mr. Norwood filed a response to that brief. [Docket No. 228.]

Based on the numerous filings listed above, the Court will grant the Government's motion and deny Mr. Norwood's motion.

## II. DISCUSSION

Section 3613 of Title 18 of the United States Code lays out the procedures by which the United States is to enforce criminal monetary penalties, like restitution and criminal fines. *See* 18 U.S.C. §§ 3613(a), (f). Section 3613(c) provides that a sentence that imposes restitution "is a lien in favor of the United States on all property and rights to property of the person fined." *Id.* § 3613(c). "The lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated under subsection (b)." *Id.* Additionally, victims of a defendant's crime are entitled to "full and timely restitution as provided in law." *Id.* § 3771(a)(6).

The Mandatory Victims Restitution Act ("MVRA") also requires that, "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." *Id.* § 3664(n). When a defendant experiences "any material change in [their] economic circumstances that might affect [their] ability to pay restitution," the MVRA permits a court, "on its own motion, or the motion of any party, including the victim" to "adjust the payment schedule, or require immediate payment in full, as the interests of justice require." *Id.* § 3664(k).

Based on the above statutory language, the Government argues that (1) it has a lien over Mr. Norwood's inmate trust fund account, (2) Mr. Norwood received "substantial resources" in

3

the form of the $5,931.40 sum of money in his account, and (3) the sum constitutes a "material change in [Mr. Norwood's] economic circumstances that might affect [his] ability to pay restitution." Therefore, the Government argues, it is in the interest of justice for the Court to order that the money be turned over to the Government and put towards restitution.

Mr. Norwood makes five arguments as to why his motion should be granted and/or the Government's motion should be denied. The Court will address, and ultimately reject, each in turn.

### A. *Ex Post Facto* Clause

In opposition to the Government's motion and in support of his own motion, Mr. Norwood first argues that the application of the MVRA would violate the *Ex Post Facto* Clause of the United States Constitution because the MVRA became effective after the date upon which Mr. Norwood committed the relevant offenses. [*See* Docket Nos. 212, 215, 218, 222, 228.] In particular, he relies on *United States v. Edwards*, 162 F.3d 87 (3d Cir. 1998), in making that argument. [*See id.*] As the Third Circuit explained in that case, "[t]o fall within the ex post facto prohibition, a law must be 1) retrospective, that is it must apply to events occurring before its enactment; and 2) it must disadvantage the offender affected by it by altering the definition of criminal conduct or increasing the punishment for the crime." *Edwards*, 162 F.3d at 89.

In *Edwards*, the Court was analyzing whether Section 3663A — the section that made restitution mandatory — violated the *Ex Post Facto* Clause. *See id.* And in fact the Court held that the MVRA violated the *Ex Post Facto* Clause in that case because "[t]he prior restitution statute, the Victim and Witness Protection Act, or 'VWPA,' requires the court to consider the economic circumstances of the defendant prior to ordering restitution," whereas [t]he MVRA makes restitution mandatory for particular crimes." *Id.* This shift from discretionary to mandatory

4

punishment constituted a retrospective increase in punishment for Mr. Edwards' criminal activity, thereby violating the *Ex Post Facto* Clause. *See id.* at 89-92.

But where *Edwards* concerned the imposition of a mandatory sentence, the issue in this case is merely the procedure by which the Government collects Mr. Norwood's restitution penalty. Section 3663A is not implicated here; rather, the Government is relying on 18 U.S.C. § 3613(c), which provides the procedure by which an MVRA-imposed restitution is to be collected. As the Government argues, Mr. Norwood "is erroneously conflating the law that governed the imposition of his monetary sentence with the law governing the collection of that sentence." [Docket No. 217, at 3.] A comparable case is *Gonzalez-Rivera v. Holt*, in which the Third Circuit wrote,

> We recognize that [defendant's] offenses pre-date the MVRA. In *United States v. Edwards* . . . we held that retroactive imposition of restitution under the MVRA violated the Ex Post Facto Clause. No Ex Post Facto violation occurred here, however, because the enactment of § 3572(d)(1) [requiring immediate payment of defendant's fine] did not increase the punishment for [defendant's] crime.

361 F. App'x 419, 420 n.2 (3d Cir. 2010).

In short, there is no *Ex Post Facto* Clause issue in this case because the Government's reliance on the MVRA's procedures for ensuring the payment of restitution in no way increases a criminal defendant's penalty. Therefore, the *Ex Post Facto* Clause provides no basis upon which the Court must deny the Government's motion or grant Mr. Norwood's motion.

### B. Court Authority

Mr. Norwood's next argument is that the Court lacks authority to grant the Government's motion because the BOP has exclusive authority to collect a defendant's forfeiture judgment under its Inmate Financial Responsibility Program. [*See* Docket No. 213, at 3; Docket Nos. 220, 223.] He relies mainly on *United States v. Williams*, in which the Middle District of Florida held that it did not have jurisdiction to order the BOP to turn over funds to the Government. Case No. 2:15-

cr-14-FtM-29CM, 2016 U.S. Dist. LEXIS 47779 (M.D. Fla. Apr. 8, 2016). The Court in that case referred to a Seventh Circuit decision that noted that "[t]he Attorney General rather than the courts 'shall be responsible for collection of an unpaid fine or restitution' imposed by a judgment and he has delegated his authority to the Bureau of Prisons, which created the Inmate Financial Responsibility Program to facilitate collection." *Id.* (quoting *In re Buddhi*, 658 F.3d 740, 742 (7th Cir. 2011) (quoting 18 U.S.C. 3612(c))).

The Government argues that *Williams* should not be followed here, in part because "it did not . . . address the United States' statutory collection rights that are independent of any programs administered by the BOP." [Docket No. 227, at 3.] In particular, 18 U.S.C. § 3613(a) states that "[n]otwithstanding any other Federal law . . . , a judgment imposing a fine may be enforced against all property or rights to property of the person fined." 18 U.S.C. § 3613(a). Moreover, 18 U.S.C. § 3664(n) states that "[i]f a person obligated to provide restitution . . . receives substantial resources from any source . . . during a period of incarceration, such person shall be required to apply the value of such resources to any restitution . . . still owed." *Id.* § 3664(n).

The Court agrees with the Government here. Numerous courts have authorized the precise type of relief sought in this case, and this Court finds the reasoning behind those decisions to be compelling. *See, e.g.*, *United States v. Brewer*, 699 F. App'x 318, 319 (5th Cir. 2017) (noting that "[p]articipation in the IFRP and compliance with a payment schedule does not 'preclude[] the Government from using other available collection mechanisms to seek payment of monetary penalties'" and affirming the district court's grant of a motion to turn over $4,000 from his inmate trust account pursuant to 18 U.S.C. § 3664(n) (quoting *United States v. Diehl*, 848 F.3d 629, 633 (5th Cir. 2017))); *United States v. Rush*, 08-cr-174-AET (D.N.J. Nov. 17, 2016) [Docket No. 67]; *United States v. Christie*, 07-cr-332-MCA (D.N.J. June 20, 2016) [Docket No. 154]; *United States*

6

*v. Poff*, Case No. CR09-0160JLR, 2016 U.S. Dist. LEXIS 71649, at *18-19 (W.D. Wash. June 1, 2016); *United States v. Hester*, Case No. 10cr2967 BTM, 2016 U.S. Dist. LEXIS 32555, at *5-6 (S.D. Cal. Mar. 14, 2016) ("Under [18 U.S.C. §§ 3613(c), 3664(m)(1)(A)(i), and 3664(n)], courts have found it appropriate to order the turnover of funds in inmate trust accounts to be applied to restitution."); *United States v. Pearlman*, No. 6:07-cr-0097 (M.D. Fla. Feb. 24, 2015) [Docket No. 78]; *United States v. Haymore*, No. 09-40072-001 (C.D. Ill. June 15, 2015) [Docket No. 116]. Therefore, the Court rejects Mr. Norwood's argument and will neither deny the Government's motion nor grant Mr. Norwood's motion on the grounds that this Court lacks authority to order the relief sought.

### C. The FDCPA

Mr. Norwood also argues that the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, ("FDCPA") should apply here, which would preclude the Court from granting the Government's motion. [Docket No. 213, at 4.] In making this argument, he relies on Section 3001(a) of the FDCPA, which states that the FDCPA provides "the exclusive civil procedures for the United States . . . to recover a judgment on a debt." 28 U.S.C. § 3001(a). But as the Government points out, Section 3001(b) qualifies that general rule: "To the extent another Federal law specifies the procedures for recovering on a claim or a judgment for a debt arising under such law, those procedures shall apply to such claim or judgment to the extent those procedures are inconsistent with this chapter." *Id.* § 3001(b). More explicitly, the FDCPA "shall not be construed to curtail or limit the right of the United States under any Federal law . . . to collect any . . . restitution . . . arising in a criminal case." *Id.* § 3003(b)(2). Given the plain language of the FDCPA, Mr. Norwood's argument that it should apply is meritless. The Court will not deny the Government's motion or grant Mr. Norwood's motion on that basis.

7

### D. Collateral Attack

Mr. Norwood also argues that the Court should deny the Government's motion without prejudice because he has filed a petition to vacate his sentence under 18 U.S.C. § 2255. [Docket No. 214, at 2.] That argument was initially made by Mr. Norwood based on the § 2255 petition he filed on April 29, 2015. [*See id.*; *Norwood v. United States*, Civil No. 1:15-cv-02996-RBK (D.N.J.).] That petition was denied by this Court on November 28, 2016, *Norwood*, Civil No. 1:15-cv-2996-RBK [Docket No. 50], and the Third Circuit declined Mr. Norwood's request for a certificate of appealability shortly thereafter, *id.* [Docket No. 53]. Therefore, that argument is now moot and will not provide a basis for denying the Government's motion or granting Mr. Norwood's motion.

### E. Lien Expiration

Finally, Mr. Norwood argues that the lien in question expired on May 30, 2017. [Docket No. 225.] He argues that based on the version of 18 U.S.C. § 3613(b) in effect at the time his offense was committed, the Government's restitution lien expired 20 years from the entry of judgment. [*Id.* (citing *United States v. Berardini*, 112 F.3d 606, 611 (2d Cir. 1997)).] But that version of the statute does not apply to Mr. Norwood because he was in fact sentenced after the new version went into effect. The version of Section 3613(b) that applies to Mr. Norwood provides that his restitution liability would continue until "the later of 20 years from the entry of judgment or 20 years after the release from imprisonment . . . or upon the death of the individual" and that the lien arising in favor of the United States "continues for 20 years or until the liability . . . is terminated under subsection (b)." 18 U.S.C. § 3613(b), (c), (f). Therefore, the lien has not expired yet. *See, e.g.*, *Edwards*, 162 F.3d at 89 ("The MVRA became effective April 24, 1996, to the extent it is constitutionally permissible."); *Little v. Bishop*, 16-129-HRW, 2017 U.S. Dist. LEXIS 63691,

at *2 (E.D. Ky. Apr. 27, 2017) ("[B]y the time Little was convicted in May 1996 and sentenced in July 1996, the old version of § 3613(b) was no longer in effect. Therefore, Little's reliance on that provision is simply misplaced."). In short, Mr. Norwood's argument here is misguided because the language of the statute that actually applies to him clearly dictates that the lien has not expired. Therefore, the Court will not deny the Government's motion or grant Mr. Norwood's motion on that basis.

## III. CONCLUSION

Having rejected all of Mr. Norwood's arguments, the Court agrees with the Government that the Government's motion should be granted and Mr. Norwood's motion should be denied. An accompanying Order doing just that shall issue.

February 18, 2020                          s/Robert B. Kugler  
Date                                    ROBERT B. KUGLER  
                                           United States District Judge