**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | Crim. No. 96-232 (RBK) |
| v. : | **OPINION** |
| MICHAEL NORWOOD, : | |
| Defendant. : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant Michael Norwood's Motion (Doc. No. 243) for reduction of his sentence. Defendant seeks a sentence reduction pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), asserting that the Act's amendment of 18 U.S.C. § 924(c) means that he is serving a longer sentence than he would have received if he were sentenced today. The Government opposes, and the Court concurs. Therefore, Defendant's Motion is **DENIED.**

**I.    BACKGROUND**

Following a jury trial in January 1997, Defendant was convicted of bank robbery, in violation of 18 U.S.C. § 2113(a); armed bank robbery, in violation of 18 U.S.C. § 2113(d); use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); carjacking, in violation of 18 U.S.C. § 2119; a second count of use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and possession of a firearm by an armed career criminal ("ACCA"), in violation of 18 U.S.C. § 922(g) and § 924(e). (Doc. No. 102). Defendant was sentenced to life imprisonment on the ACCA count, consecutive sentences totaling 25 years on the Section 924(c) counts, and concurrent sentences on the remaining counts. (Doc. No. 110).

Following a series of direct appeals, post-conviction motions, and habeas petitions, Defendant's conviction for bank robbery under Section 2113(a) was dismissed, (Doc. No. 171), and Defendant was twice resentenced, (Doc. Nos. 135, 197). Defendant is currently serving a sentence of 500 months. (Doc. No. 197).

On November 27, 2019, Defendant submitted some sort of request for compassionate release pursuant to the First Step Act to a staff member at the Bureau of Prisons facility at which he is incarcerated. (Doc. No. 244-1 at 1). This request was passed to the facility's warden, who denied Defendant's request on December 13, 2019. (*Id.*). On May 26, 2020, Defendant filed the present Motion in this Court. (Doc. No. 243).

## II.     LEGAL STANDARD

"The recently enacted First Step Act allows a defendant to be afforded compassionate release for 'extraordinary and compelling reasons.'" *United States v. Sellers*, No. 10-434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020) (quoting 18 U.S.C. § 3582(C)(1)(A)(i)). Before bringing a motion for reduced sentence on their own behalf, defendants first "must ask the Bureau of Prisons ("BOP") to do so on their behalf and give BOP thirty days to respond." *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (citing § 3582(c)(1)(A)). "Thus, under the First Step Act, a defendant seeking a reduction in his term of imprisonment bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Sellers,* 2020 WL 1972862 at *1 (citing 18 U.S.C. § 3582(C)(1)(A)).

At this second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3852(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing

Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Pabon*, Crim. No. 17-165-1, 2020 WL 2112265, at *2 (E.D. Pa. May 4, 2020).

### III. DISCUSSION

There appears to be no dispute that Defendant has satisfied the First Step Act's exhaustion requirement. (Doc. No. 244 at 9). Rather, the Government argues that Defendant has failed to show "extraordinary and compelling" reasons warranting a reduction of his sentence, and that the Section 3553(a) factors weigh against granting a reduction. (*Id.*).

Defendant's Motion centers on the First Step Act's amendment of Section 924(c). Previously, Section 924(c) mandated a minimum consecutive sentence of 25 years for a second or subsequent conviction under Section 924(c). 18 U.S.C. § 924(c)(1)(C)(i) (2012). The First Step Act revised Section 924(c) such that the 25 year minimum sentence is only mandated if the second or subsequent violation of Section 924(c) occurs after the prior conviction for violation of Section 924(c) becomes final. First Step Act, Pub. L. 115-391, Sec. 403(a), 132 Stat. at 5221–22. While this amendment would have benefited Defendant if it were in effect at the time of his sentencing, because it "does not apply to defendants initially sentenced before the First Step Act's enactment," Defendant cannot take advantage of it. *United States v. Hodge*, 948 F.3d 160, 162 (3d Cir. 2020). Nevertheless, Defendant argues that the difference between the sentence he would receive under the current version of Section 924(c) and his actual sentence is an extraordinary and compelling reason justifying sentence reduction. (Doc. No. 243 at 3).

Whatever the merits of this argument, Defendant's motion fails because the 18 U.S.C. § 3553(a) factors plainly weigh against him. These factors include:

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed—

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).

Defendant's offenses are serious, stemming from a violent armed bank robbery followed by a violent armed carjacking. Although no one died, Defendant nevertheless put the lives of numerous individuals in mortal peril. It is inarguable that these severe offenses warrant a severe sentence, not only to provide a just punishment but also to afford adequate deterrence to other potential bank robbers and carjackers.

Defendant argues that he has been successfully rehabilitated by his term of incarceration, and that his rehabilitation, combined with his advancing age, means that he no longer poses a serious risk of recidivism. (Doc. No. 243 at 4). But Defendant's progress in prison is already reflected in his sentence: at Defendant's most recent sentencing in August 2013, Judge Irenas sentenced Defendant to 500 months of incarceration rather than the 627 months requested by the Government because Defendant "ha[d] shown some socially responsible behavior . . . while in prison." (Doc. No. 202 at 26). Although Defendant may present a still lower risk of recidivism today than he did seven years ago, such a marginal improvement is insufficient to justify a change in his sentence, given the gravity of his offenses.

## IV. CONCLUSION

For the above reasons, Defendant's Motion for Reduction of Sentence (Doc. 243) is hereby **DENIED**. An Order follows.

Dated: 6/26/2020                                  s/ Robert B. Kugler
                                                                                ROBERT B. KUGLER
                                                                                United States District Judge