IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>Michael NORWOOD,<br><br>    Defendant. | Criminal No. 96-232 (RBK)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court upon the Third Circuit Court of Appeals' Opinion [Docket No. 253-1] and Judgment [Docket No. 250] vacating this Court's February 18, 2020 Order [Docket No. 235], which granted Plaintiff United States of America's Motion for Release of Funds [Docket No. 211] and denied Defendant Michael Norwood's Motion to Authorize Removal of Lien [Docket No. 215]. In light of the Third Circuit's guidance on the issues at hand and for the reasons expressed below, the Court will grant the Government's motion and deny Norwood's motion.

**I.    BACKGROUND**

As the Third Circuit wrote in its Opinion:

> The District Court sentenced Norwood for several federal crimes on May 30, 1997, and it has since resentenced him three times, most recently in 2013. In each of its judgments, the District Court sentenced Norwood to pay restitution in the total amount of $19,562.87. The District Court imposed restitution under the Victim and Witness Protection Act of 1982 ("VWPA"), which was the law when Norwood committed his crimes and which we and the District Court have applied

1

to the issue of his restitution ever since. See, e.g., United States v. Norwood, 566 F. App'x 123, 128 (3d Cir. 2014) (applying VWPA principles in affirming the District Court's most recent judgment).

      Shortly after Norwood committed his crimes, however, the Mandatory Victims Restitution Act ("MVRA") became effective on April 24, 1996. See United States v. Edwards, 162, F.3d 87, 89 (3d Cir. 1998). The MVRA amended the VWPA in one respect that is relevant to this [case]. Under the VWPA, liability to pay restitution "expires twenty years after the entry of the judgment[.]" 18 U.S.C. § 3613(b)(1) (1994 version). Under the MVRA, by contrast, "[t]he liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay restitution." 18 U.S.C. § 3613(b) (emphasis added). Thus, under the VWPA, it appears that Norwood's restitutionary liability would have expired on May 30, 2017, as measured from the date of his initial judgment. Under the MVRA, however, Norwood's restitutionary liability would not expire until 20 years after his release from prison. According to the Bureau of Prisons, Norwood is scheduled for release in 2031.

      The parties' present dispute arose when the Government learned that Norwood had approximately $5,900 in his inmate account as of June 21, 2016. Two days later, the Government filed a motion for an order authorizing the release [of] those funds toward the payment of restitution. Norwood opposed the motion and filed a motion of his own to remove the Government's lien on his account. During supplemental briefing, Norwood argued that his restitutionary liability had expired under the VWPA and that applying the MVRA's extended period of liability instead would constitute an ex post facto violation. The District Court disagreed and held that Norwood remains liable for restitution under the MVRA. Thus, the District Court granted the Government's motion and denied Norwood's.

United States v. Norwood, No. 20-1435, slip op. at 2–3 (3d Cir. July 14, 2020).

Norwood appealed this Court's decision to the Third Circuit on the theory that "applying the MVRA version of § 3613(b) to him constitutes an ex post facto violation." Id. at 3. The Circuit agreed that "[a]pplying that version to Norwood may indeed raise ex post facto concerns," but chose not to express an opinion on the issue "because this case might not require its resolution." Id. at 3–4. The Circuit went on to explain that, because the funds in Norwood's account were in his account as of June 21, 2016 (i.e., prior to the expiration of the twenty-year period of restitutionary liability under the VWPA), "[t]here would not appear to be any ex post facto issue as to those funds if they are subject to Norwood's restitutionary liability even under the VWPA."

2

Id. at 4. This was for two reasons: First, it is possible that the twenty-year period of restitutionary liability under the VWPA restarted with each of the four resentencings imposed by the District Court in this case, most recently in 2013. If that is the case, "then Norwood's restitutionary liability has not yet expired even under the VWPA and may not expire until 2033." Id. at 4–5.

Second, the Government filed its motion for the release of Norwood's funds on June 23, 2016, which was prior to the expiration of the twenty-year period of restitutionary liability, even if the VWPA applies and the period did not restart with each resentencing. Id. at 5. "Thus, there may be some question whether Norwood's funds would remain subject to his restitutionary obligation even under the VWPA because the Government timely sought them before his liability expired (or whether, by contrast, expiration of the VWPA period extinguishes a defendant's liability regardless of any collection efforts that are then in progress)." Id.

In other words, "[i]f Norwood's current funds are subject to his restitutionary liability even under the VWPA version of § 3613(b) for these reasons or any other, then the parties' dispute as to those funds would not appear to raise an ex post facto issue." Id.

Upon the issuance of the Circuit's Opinion, this Court solicited briefing from the parties with respect to this issue. [Docket No. 251.] Norwood responded with a letter on August 11, 2020. [Docket No. 255.] The Government likewise responded on August 19, 2020. [Docket No. 257.]

**II.     DISCUSSION**

The parties' submissions, unsurprisingly, focus on the two theories explicitly outlined in the Circuit's Opinion. However, because this Court will rule that the VWPA's twenty-year period of restitutionary liability had not expired at the time that the Government filed its motion, the Court will only address that argument. See Norwood, slip op. at 4 ("Principles of constitutional avoidance

3

generally counsel against resolving constitutional issues when the parties' dispute can be resolved on other grounds.") (citing Camreta v. Greene, 563 U.S. 692, 705 (2011)).

Regardless of whether Norwood's resentencings restarted the twenty-year period of restitutionary liability under the VWPA and regardless of whether the VWPA or the MVRA applies moving forward, the facts of this case are that the Government filed its Motion for Release of Funds prior to the earliest possible date on which Norwood's liability would have expired. Although Norwood takes the position "that the expiration of the VWPA collection period 'extinguishes a defendant's liability regardless of any collection efforts that are in progress,'" he provides no legal basis for such a finding. [Docket No. 251, at 3 (quoting Norwood, slip op. at 5).] Conversely, the Government convincingly argues that where, as here, "collection efforts are in progress prior to the expiration of the VWPA's 20-year period during which restitution orders can be enforced, the expiration of that 20-year period does not extinguish a defendant's restitution liability for funds subject to such collection efforts." [Docket No. 255, at 3.]

The Court agrees with the Government's position. Under 18 U.S.C. § 3613(c), a restitution order such as the one in this case "is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." 18 U.S.C. § 3613(c). As such, a "restitution lien has the 'same effect as a federal tax lien." United States v. Pegg, No. 16-60289-CIV, 2016 WL 5234616, at *2 (S.D. Fla. Sept. 22, 2016) (citing United States v. De Cespedes, 603 F. App'x 769, 771 (11th Cir. 2015)); see also United States v. Kollintzas, 501 F.3d 796, 802 (7th Cir. 2007) ("Liens to pay restitution debts are treated like tax liens."). Under 26 U.S.C. § 6502(a), a "tax may be collected by levy or by proceeding in court, but only if the levy is made or the proceeding begun within" the statute of limitations period. 26 U.S.C. § 6502(a)(1). "If a timely proceeding in court

for the collection of a tax is commenced, the period during which such tax may be collected by levy <u>shall be extended and shall not expire until the liability for the tax (or judgment against the taxpayer arising from such liability) is satisfied or becomes unenforceable</u>." <u>Id.</u> § 6502(a) (emphasis added). In the tax realm, courts have interpreted this statutory language to mean that a lien will not lapse so long as the Government "file[s] [its] collection action before the collection statute of limitations expired." <u>United States v. Domenico</u>, No. 09-CV-1282, 2010 WL 3029019, at *3 (M.D. Fla. Apr. 29, 2010); <u>see also</u> <u>United States v. Bucy</u>, No. 06-00387, 2007 WL 3377240, at *3 (S.D.W. Va. Nov. 6, 2007).

Moreover, at least one court has applied this logic to a criminal matter similar to the one before this Court. In <u>United States v. Pegg</u>, the Government filed its claim "eight days before the twenty-year statute of limitations period would have lapsed." 2016 WL 5234616, at *2. "Because the instant lien is enforced in the same manner as a tax lien, the filing of this suit prior to that deadline was timely." <u>Id.</u> Therefore, the Court ruled that "the United States is entitled to seek foreclosure of its lien against the Defendants' property." <u>Id.</u>

The same logic applies here, as this Court has explained above. There is no ex post facto issue here, given the facts of this case. Therefore, the Court will grant the Government's motion and deny Norwood's motion.

### III. CONCLUSION

For the reasons expressed above, the Court will grant the Government's motion and deny Norwood's motion. An accompanying Order shall issue.

<u>November 25, 2020</u>                     <u>s/Robert B. Kugler</u>
Date                                        ROBERT B. KUGLER
                                                 United States District Judge