IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES,         : | |
|                        : | |
|     v.                 : | |
|                        : | Crim. No. 96-232 (RBK) |
| MICHAEL NORWOOD,       : | |
|                        : | **OPINION** |
|     Defendant.         : | |

**KUGLER**, United States District Judge:

**THIS MATTER** comes before the Court upon *pro se* Defendant Michael Norwood's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "Compassionate Release Motion" or "Mot."). (ECF No. 317). For the reasons set forth below, the Court **DENIES** the Motion.

**I.   BACKGROUND**

Following a jury trial in January 1997, Mr. Norwood was convicted of bank robbery, in violation of 18 U.S.C. § 2113(a); armed bank robbery, in violation of 18 U.S.C. § 2113(d); use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); carjacking, in violation of 18 U.S.C. § 2119; a second count of use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and possession of a firearm by an armed career criminal ("ACCA"), in violation of 18 U.S.C. § 922(g) and § 924(e). (Presentence Investigation Report, or "PSR," at 1, ¶ 8).[1] Mr. Norwood was sentenced to life imprisonment on the ACCA count, consecutive sentences totaling 25 years on the Section 924(c) counts, and concurrent sentences on the remaining counts. (ECF No. 110).

---

[1] Mr. Norwood's PSR is on file with the U.S. Probation Office in the District of New Jersey.

Following a series of direct appeals, post-conviction motions, and habeas petitions, Mr. Norwood's conviction for bank robbery under Section 2113(a) was dismissed, (ECF No. 171), and Mr. Norwood was twice resentenced, most recently in 2013. (ECF Nos. 135, 197).[2] Mr. Norwood is currently serving a sentence of 500 months, consisting of 200 months on Count 2, 180 months on Count 4, and 200 months on Count 6, all to be served concurrently, plus consecutive sentences totaling 25 years on the two Section 924(c) counts. (ECF No. 197).

Mr. Norwood, proceeding *pro se*, filed the present Motion for Compassionate Release on November 21, 2023, (ECF No. 317), followed by a notice of new authority on December 18, 2023. (ECF No. 320). The Government opposed the Motion on January 26, 2024, (ECF No. 321), to which Mr. Norwood replied on February 2, 2024. (ECF No. 322).

## II.   LEGAL STANDARD

Section 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, authorizes district courts to reduce the term of imprisonment upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A). "Extraordinary and compelling reasons" are not defined by statute. Rather, Congress tasked the U.S. Sentencing Commission (the "Commission") with providing further guidance. 28 U.S.C. § 994(t). The Commission has done so at Section 1B1.13 of the U.S. Sentencing Guidelines (the "Guidelines" or "U.S.S.G."). Relevant to the present Motion, the Guidelines state that an "unusually long sentence" that is

---

[2] Mr. Norwood's Judgment was amended once more on February 28, 2023. (ECF No. 305). The amendment, however, was merely to confirm that Mr. Norwood's obligation to pay restitution had expired as a matter of law. *See* (ECF No. 304). It did not change the length of his sentence. (*Id.*).

grossly disproportionate to "the sentence likely to be imposed at the time the motion is filed" is a basis for compassionate release. U.S.S.G. § 1B1.13(b)(6).

Before a defendant may petition a court to reduce his sentence under § 3582(c)(1)(A), he must exhaust his administrative remedies. *United States v. Rodriguez*, 451 F. Supp. 3d 392, 396 (E.D. Pa. 2020). Defendants "must at least ask the Bureau of Prisons (BOP) to [bring a motion] on their behalf and give BOP thirty days to respond." *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020). Thirty days after submitting the request or after exhausting all administrative appeal rights, whichever is earlier, a defendant may move for compassionate release in the district court. *United States v. Harris*, 973 F.3d 170, 171 (3d Cir. 2020).

### III. DISCUSSION

As a preliminary matter, the Court finds that Mr. Norwood has satisfied the exhaustion requirements such that the Court may consider his Compassionate Release Motion. Mr. Norwood asserts that he sent the warden of his correctional institution an electronic request for modification of his sentence on October 12, 2023. (Mot. 2). He then waited more than thirty days before filing his Motion before this Court. *See Harris*, 973 F.3d at 171. The Government does not dispute that Mr. Norwood satisfied the exhaustion requirements. The Court therefore turns to the substance of the Compassionate Release Motion.

The sole basis for Mr. Norwood's Motion is that he is serving an unusually long sentence that warrants a sentence reduction pursuant to U.S.S.G. § 1B1.13(b)(6). (Mot. 3–5). Specifically, he points out that he received consecutive mandatory minimum sentences of five years and twenty years, respectively, for his convictions on each of the two Section 924(c) counts. (*Id.* at 3). Since the time of Mr. Norwood's most recent re-sentencing in 2013, Congress in the First Step Act amended Section 924(c) to substantially reduce the harshness of the mandatory

3

minimum "stacking" provision going forward. *See United States v. Andrews*, 12 F.4th 255, 257 (3d Cir. 2021). If sentenced today, Mr. Norwood would likely receive a substantially shorter sentence on the Section 924(c) counts of five years each. In passing the First Step Act, however, Congress decided that the changes to Section 924(c) would not be retroactive—that is, they do not apply to people who, like Mr. Norwood, have already been sentenced. *See id.* at 261.

Unfortunately for Mr. Norwood, binding circuit precedent forecloses his argument that U.S.S.G. § 1B1.13(b)(6) can serve as a basis for compassionate release in his case. In *Andrews*, which dealt with the length of "stacked" Section 924(c) sentences, the Third Circuit affirmed the lower court's conclusion that "the duration of [a defendant's] sentence and the nonretroactive changes to mandatory minimums could not be extraordinary and compelling reasons warranting sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). *Id.* at 260. The Third Circuit held that "[t]he duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance," adding that "[t]here is nothing 'extraordinary' about leaving untouched the exact penalties that Congress prescribed and that a district court imposed for particular violations of a statute." *Id.* at 260–61 (quoting *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021)).

*Andrews* is binding on this Court even though the Commission promulgated U.S.S.G. § 1B1.13(b)(6) after *Andrews* was decided.[3] The Court adopts the reasoning of a sister court that recently considered this issue:

---

[3] The Commission amended U.S.S.G. § 1B1.13, effective Nov. 1, 2023, to reflect that a defendant is now authorized to file a motion under 18 U.S.C. § 3582(c)(1)(A) directly with the district court and to expand the list of "extraordinary and compelling reasons" that can warrant a sentence reduction, including an "unusually long sentence." Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254, 28254–59 (May 3, 2023).

> In the absence of an applicable policy statement from the Sentencing Commission, *Andrews* can only be understood as a decision interpreting the text of the compassionate-release statute itself. And after considering that statutory language, the Third Circuit concluded that a defendant's unusually and disproportionately long sentence is not an "extraordinary and compelling reasons warrant[ing] [] a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). That holding may not now be overridden by the Sentencing Commission, which "does not have the authority to amend the statute [the court] construed" in a prior case. *Neal v. United States*, 516 U.S. 284, 290 (1996).

*United States v. Carter*, Crim No. 07-374, 2024 WL 136777, at *6 (E.D. Pa. Jan. 12, 2024).

Should the Third Circuit reconsider its holding in *Andrews* in light of the Commission's recent revisions to U.S.S.G. § 1B1.13, Mr. Norwood may have a stronger case for compassionate release. As things currently stand, however, "binding precedent instructs that a defendant's unusually long sentence is not an adequate basis for compassionate release. Unless and until any reconsideration of *Andrews* takes place or it is abrogated by a Supreme Court decision, that holding remains binding on district courts in this circuit." *Carter*, 2024 WL 136777, at *6.

## IV.     CONCLUSION

Accordingly, Mr. Norwood's Compassionate Release Motion (ECF No. 317) is **DENIED**. An Order follows.


Dated:     May 13, 2024                                           /s/ Robert B. Kugler
                                                                                                           ROBERT B. KUGLER
                                                                                                          United States District Judge