**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**v.**<br>**MICHAEL NORWOOD.** | **Case No. 1:96–cr–00232–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on *pro se* defendant Michael Norwood's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Motion) (ECF No. 328 (Mov. Br.)); and the government having filed an opposition to the Motion (ECF No. 334 (Opp'n Br.)); and Norwood having filed a reply in further support of the Motion (ECF No. 335), and for good cause

1. Norwood is serving an aggregate sentence of 500 months for armed bank robbery, carjacking, two counts of using a firearm during a crime of violence, and possession of a firearm as an armed career criminal under 18 U.S.C. §§ 922(g) and 924(e) (Armed Career Criminal Act (ACCA)). (Opp'n Br. pp. 2,3.) This is his third motion for compassionate release. (*Id.* pp. 3,4.)

2. Norwood argues that his prior conviction for attempted aggravated assault on a police officer no longer qualifies as an ACCA predicate offense under intervening Third Circuit precedent. (Mov. Br. pp. 2,5.) He argues that this change in the law is retroactive and, therefore, an extraordinary and compelling reason for relief. (*Id.* p. 3.)

3. A court may reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Such reasons "are those that are especially unusual and convincing." *Rutherford v. United States,* 608 U.S. 454, 465 (2026). These reasons generally concern a prisoner's personal circumstances, such as their medical condition, age, or family circumstances. *Id.* at 466–67. A sentencing disparity created by a nonretroactive change to sentencing law does not qualify. *Id.* at 465–66. "The fact that a preamendment sentence is longer than it would have been postamendment is not an "extraordinary and compelling reason[n] that "warrant[s] a sentence reduction." *Id.*

4. "A prisoner who collaterally attacks the validity of his conviction must proceed through 28 U.S.C. §2255, not 18 U.S.C. §3582." *Fernandez v. United States*, 608 U.S. 411, 415, 428 (2026). The same holds for an attack on the validity of a sentence. *Id.* at 424–28; *see also United States v. Henderson*, 858 F. App'x 466, 469 n.2 (3d Cir. 2021) (holding that a challenge to career-offender designation "can be raised only in a [28 U.S.C.] §2255 motion"). "A reason is not 'compelling' if Congress has channeled it through the postconviction statutes." *Fernandez*, 608 U.S. at 424.

5. The Motion fails either way. If the change in the law is nonretroactive, it cannot support relief. *Rutherford,* 608 U.S. at 465–72. But if, as Norwood argues, the change is retroactive, the unavailability of Section 2255 is not a compelling reason for relief. *Fernandez*, 608 U.S. at 415, 425–428.

6. The precedent on which Norwood relies is no longer good law. *United States v. Minter*, 164 F.4th 243, 247 (3d Cir. 2026) ("*Mayo* is no longer good law."). That precedent held that Pennsylvania's aggravated assault statute was not categorically an ACCA violent felony because it could be committed by omission. *United States v. Mayo*, 901 F.3d 218, 227–29 (3d Cir. 2018). The Supreme Court has since decided that "the knowing or intentional causation of injury or death, whether by act of omission, necessarily involves the use of physical force against another person." *Delligatti v. United States*, 604 U.S. 423, 439 (2025).

7. Assuming Norwood exhausted his administrative remedies, he has not shown an extraordinary and compelling reason for a sentence reduction. The Court therefore need not discuss Section 3553(a) factors.

Accordingly,

**IT IS** on this 12th **day of November 2026** **ORDERED** that:

1. The Motion (ECF No. 328) is DENIED.

2. The Clerk of the Court shall mail a copy of this Opinion and Order to defendant.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**